THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, APPELLANT, v. THE NEW YORK TELEPHONE COMPANY, RESPONDENT.

Submitted February 9, 1925—Decided March 16, 1925.

1. A right of way, granted in perpetuity, binds the heirs and assigns of the grantor, even in the absence of the words "for their heirs" in the grant.
2. Under our statute (1 *Supp. Comp. Stat., p.* 413) it is not necessary to insert the word "heirs" in a deed to convey a fee-simple.

On appeal from the Supreme Court.

For the appellant, *George Holmes* and *De Voe Tomlinson.*

For the respondent, *Smith & Slingerland.*

The opinion of the court was delivered by

KALISCH, J.   The appeal before us involves the legal propriety of a direction of a verdict by Judge Silzer, at the Somerset Circuit, in favor of the defendant, in an action of ejectment brought against it by the plaintiff.   There were no facts in dispute.   The issue of the controversy depended upon the construction to be given to a certain agreement, in writing, entered into on the 4th day of January, 1912, between the defendant company and the Cornells, who were at the time the owners of the lands involved in the litigation, and whereby the latter granted to the defendant "the right to construct, reconstruct, relocate, in line of construction, operate and maintain lines of telephone and telegraph, including such poles, wires, cables, guys in line of poles and appurtenances thereto" as the defendant company "may now, or from time to time, deem necessary or proper therefor, upon, over and along the present line of construction along the property" of the Cornells in question, "with the right to trim, from time to time, along said lines necessary to keep the wires cleared at least eighteen inches."

In consideration of the grant of this right, the defendant company agreed to pay to the Cornells the sum of $36 per annum, payable in advance, for a period of ten years from the date of the agreement. It was further agreed between the Cornells and the defendant company that at the expiration of the allotted time "the payment shall cease, but the rights and privileges *granted* to the" defendant company under the agreement "shall continue in full force and effect in perpetuity without further payment by the" defendant company. The agreement contained the further clause that if Jacob B. Cornell, one of the grantors, should die before the expiration of the ten years, the payment provided for by the agreement should cease, *"but the* right and privileges granted by the Cornells under this agreement shall continue in full force and effect in perpetuity without further payment to the" Cornells.

Lastly, it was further stipulated, between the Cornells and the defendant company, that in the event that the former should sell all or any of the lands "covered by this grant to the Central railroad of New Jersey," the plaintiff below and appellant here, that the defendant company, upon thirty days' notice in writing, will move said line of construction off the lands so sold to the Central railroad of New Jersey to the lands of the Cornells immediately adjacent thereto; provided, however, that the *grant of right of way* covered by this agreement shall apply to the line of construction in its new location, and provided that this change of construction shall not be made until the Central railroad of New Jersey agrees to pay to the Cornells the cost and expense of such removal up to and including $500.

Both of the Cornells died before the ten-year period provided for in the agreement for the payment of the yearly stipend had expired. The event last provided for in the agreement never happened, and is only referred to here for the purpose of demonstrating that it was the exprssed intent of the Cornells to grant to the defendant a right of way in the lands in question for its use, in perpetuity, as provided for in the grant.

The agreement was duly recorded. After the death of Jacob Cornell, his brother having predeceased him, the heirs of the Cornells conveyed the land in question and upon which the defendant operated its telegraph and telephone lines, maintained its poles, &c., in accordance with the grant from the Cornells to the plaintiff, the Central Railroad Company of New Jersey.

For the plaintiff it was urged at the trial, and insisted upon here, that because the word "heirs" was not used in the grant, it did not bind the grantors and their heirs, but was a mere revocable license; and, further, that it was the intent of the grantors, which intent was to be expressly inferred, in the absence from the agreement of any covenant "for their heirs," and in the use of the express language of the grant "for their successors and assigns," not to bind their heirs-at-law. But this argument has not even the merit of plausibility. In the first place, by chapter 293 (*Pamph. L.* 1912, 1 *Supp. to Comp. Stat.* 1911, 1915, *p.* 413), it is provided, *inter alia,* "the words heirs shall not be necessary in any deed to effect the conveyance of the fee-simple." In the next place, the term "in perpetuity," in its generic sense, means endless duration, and in its legal signification, as defined in 2 *Bouv. Dict.* 326, is "Any limitations tending to take the subject of it out of commerce for a longer period than a life or lives in being, and twenty-one years beyond."

\*     \*     \*     \*     \*     \*     \*     \*     \*

Despite the fact that article 4 of the agreement provided that, in the the event that the Cornells should sell all or any part of the lands covered by the grant to the plaintiff, that the defendant company, upon thirty days' notice, would move its line of construction off the lines so sold to the plaintiff to lands of Cornells immediately adjacent thereto; provided, however, that the *grant of right of way* covered by the agreement shall apply to the line of construction in the new location, &c., it is argued, on behalf of the appellant, that this evinced the intent of the Cornells to make only a temporary conveyance of the *locus in quo* to the defendant. But this argument is more specious than sound.

It is clear, from the agreement between the Cornells and the defendant, that the change in the *locus in quo* was made entirely dependent upon the Cornells conveying, in their lifetime, to the plaintiff, the lands upon which the right of way of the defendant was located.  Since the Cornells made no such conveyance to the plaintiff, that circumstance fortifies the conclusion reachd by us that it was their intent that the grant made by them of the *locus in quo*, to the defendant in perpetuity, for its telegraph and telephone lines should remain undisturbed.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, MC-GLENNON, KAYS, JJ.  15.

*For reversal*—None.